JOURNAL ENTRY AND OPINION
{¶ 1} Mary T. Kopniske, Susan M. Uher, and their lawyer, David A. Corrado, appeal from an order of Judge William J. Coyne that imposed Civ.R. 11 sanctions against them for violating the terms of a settlement agreement. They claim the judge erred in imposing sanctions and in ordering them to return $110,000 paid to them by Brickman Sons, Inc., a corporation whose shares were held by the Frank G. Brickman Sr. Trust. The sanctions were imposed to reimburse attorney fees incurred by the trust in defense of a declaratory judgment action, Cuyahoga Common Pleas No. CV-466262, which the judge found to be frivolous and in violation of the settlement agreement. Based upon the judgment inBrickman Sons, Inc. v. Natl. City Bank,[1] we vacate the imposition of sanctions. The remainder of the appeal is dismissed as moot because the appellants have satisfied the judgment.
 {¶ 2} The facts leading to this case are extensive and can be studied further in Brickman I, supra. In December 2000, Ms. Kopniske and Ms. Uher, as trustees of the Frank G. Brickman Sr. Trust, ousted the board of directors and officers of Brickman 
Sons, Inc., adopted new rules naming themselves as the sole directors and, as directors, appointed themselves as corporate officers. They then hired Corrado as attorney for both the trust and the corporation, and filed a lawsuit against their sister and fellow trustee, Margaret Brickman-Elias, and the former attorney for the trust and the corporation, Josh Kancelbaum, alleging breach of fiduciary duty. A counterclaim was filed in that case and the sisters' mother, Marian V. Brickman, filed a separate lawsuit against Ms. Kopniske, Ms. Uher, and Corrado, also alleging breach of fiduciary duty. A settlement was reached in the case under review here, and both were dismissed.
 {¶ 3} The settlement order, filed February 21, 2002, removed the three sisters as trustees and named National City Bank as successor trustee. Each sister was paid $75,000 for her services as trustee. A supplemental order, filed February 28, 2002, added a provision to which all parties had verbally agreed at the settlement hearing but which had been omitted from the February 21, 2002 order. The supplemental entry ordered a stay of payments by the corporation "until a new trustee begins performing his duties as trustee, except for those bills and expenses incurred in the ordinary course of business." The stay was lifted on March 28, 2002, upon a finding that National City Bank had begun serving as trustee.
 {¶ 4} On March 8, 2002, Kopniske and Uher, in their capacity as corporate directors, entered employment agreements hiring themselves as corporate officers in perpetuity, and also agreeing to pay themselves retroactively for their service as board members and officers since December 2000. On March 19, 2002, they issued checks totaling $176,200 to themselves and to Corrado, purportedly pursuant to the employment agreements and, in Corrado's case, for his services as a lawyer.
 {¶ 5} On March 22, 2002, Ms. Kopniske and Ms. Uher, through Corrado, filed a declaratory judgment action seeking to have their employment agreements upheld. National City Bank filed motions seeking repayment of the funds, claiming they were made in violation of the stay order, and for Civ.R. 11 sanctions.
 {¶ 6} The judge dismissed the declaratory judgment action and also found that it was frivolous and violated the settlement order in this case. He ordered the payment of $35,969.50 in attorney fees as a sanction for violating the settlement order by filing the frivolous suit, and ordered repayment of $110,000 of the $176,200[2] in payments made on March 19, 2002. On May 23, 2002, Ms. Kopniske, Ms. Uher, and Corrado returned the $110,000 to the corporation, along with a letter stating that the payments were made "with a reservation of the right to challenge" the order requiring repayment and "under protest." Their three assignments of error challenge both the propriety and the amount of sanctions, as well as the repayment order.
 SANCTIONS {¶ 7} In a separate appeal, a panel of this court reversed the judgment dismissing Cuyahoga Common Pleas No. CV-466262, because the case was not transferred to Judge Coyne in accordance with applicable rules.[3] The judge based the sanctions in this case upon his dismissal of Case No. CV-466262 and his finding that the case was frivolous. Because that order has been reversed, sanctions based upon that order must be vacated. Therefore, we sustain the first assignment of error.
 REPAYMENT OF FUNDS {¶ 8} Although Ms. Kopniske, Ms. Uher, and Corrado claim they reserved their rights to appeal when they sent a letter of protest along with their satisfaction of the judge's order to repay $110,000, the letter is insufficient to protect their right to appeal. In order to avoid execution of judgment, the parties should have followed the procedures for obtaining a stay of execution and for obtaining a supersedeas bond or its equivalent.[4] Voluntary satisfaction of judgment waives the right to appeal,[5] and there are no provisions allowing payment under protest to substitute for a proper stay application. A statement claiming reservation of rights or payment under protest does not render the payment involuntary because the parties had the option of applying for a stay. The satisfaction is involuntary only if duress can be shown.[6]
Therefore, the payment here was voluntary and the appeal is moot.
 {¶ 9} Ms. Kopniske, Ms. Uher, and Corrado claim, however, that the judge had jurisdiction only over the activities of the trust, and thus lacked jurisdiction to enter an order concerning the activities of the corporation. This lack of subject matter jurisdiction, they claim, means that the order is appealable regardless of the fact that they satisfied the judgment they now claim is void. Nevertheless, we would still find the appeal moot even if the judge lacked subject matter jurisdiction because we cannot provide relief. Even if we found the judgment void, we could do no more than vacate it, for we would have no authority to order the corporation to return the funds. Our jurisdiction over the case is limited to informing the trial judge that he lacked jurisdiction. If the judge in this case had no jurisdiction to enter an order concerning the corporation, neither would we. If a void judgment was mistakenly satisfied, appeal of that judgment is not available as a means of recovering the payment.
 {¶ 10} Judgment vacated in part and dismissed in part.
Cooney and Gallagher, JJ., concur.
 APPENDIX — ASSIGNMENTS OF ERROR "I. That the trial court abused its discretion and committedprejudicial error by ordering sanctions pursuant to CivilRule 11 and Ohio Revised Code Section 2323.51(b)(4)."
 "II. That the trial court abused its discretion in orderingthe repayment of $110,000 paid to Kopniske, Uher and Corrado, aspayments made in violation of the February 20 and February 27,2002 Judgment Entries."
 "III. Should the court deem sanctions are appropriate, thetrial court abused its discretion and awarded an unreasonableamount."
It is ordered that the parties bear their own costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Cuyahoga App. No. 81428, 2004-Ohio-1447 ("Brickman I").
[2] Kopniske and Uher were not in possession of all the funds, because payroll taxes had been withheld from their checks.
[3] Brickman I at ¶ 25.
[4] Civ.R. 62(B); App.R. 7; R.C. 2505.10, 2505.11.
[5] Blodgett v. Blodgett (1990), 49 Ohio St.3d 243, 245,551 N.E.2d 1249.
[6] Hagood v. Gail (1995), 105 Ohio App.3d 780, 789-90,664 N.E.2d 1373.