[Cite as *Cleveland v. Embassy Realty Invests., Inc.*, 2018-Ohio-4335.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 105091**

---

**CITY OF CLEVELAND**

PLAINTIFF-APPELLEE

vs.

**EMBASSY REALTY INVESTMENTS,
INC., ET AL.**

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
DISMISSED

---

Civil Appeal from the
Cleveland Municipal Court
Case No. 2014 CVH 010418

**BEFORE:** Kilbane, P.J., McCormack, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** October 25, 2018

**ATTORNEY FOR APPELLANTS**

Richard H. Drucker
820 West Superior Avenue - Suite 800
Cleveland, Ohio      44113

**ATTORNEYS FOR APPELLEE**

Barbara Langhenry
City of Cleveland Law Director
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114

David M. Douglass
Thomas A. Marino
Douglass & Associates Co., L.P.A.
4725 Grayton Road
Cleveland, Ohio 44135

Lawrence J. Roach
55 Public Square - Suite 1717
Cleveland, Ohio 44113-1901

ON RECONSIDERATION[1]

MARY EILEEN KILBANE, P.J.:

{¶1}   Upon review, this court reconsiders its decision in this case.  The opinion as announced by this court on June 28, 2018, *Cleveland v. Embassy Realty Invests., Inc.*, 8th Dist. Cuyahoga No. 105091, 2018-Ohio-2513, is hereby vacated and substituted with this opinion.

---

[1] The original decision in this appeal, *Cleveland v. Embassy Realty Invests., Inc.*, 8th Dist. Cuyahoga No. 105091, 2018-Ohio-2513, released June 28, 2018, is hereby vacated.  This opinion, issued upon the city's motion for reconsideration under App.R. 26(A), is the court's journalized decision in this appeal.  *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.01.

{¶2} Defendant-appellant, John E. Barnes, Jr. ("Barnes"), appeals from the Cleveland Municipal Court's decision granting summary judgment in favor of plaintiff-appellee, the city of Cleveland ("the city"). For the reasons set forth below, we dismiss the appeal as moot.

{¶3} In October 2005, Barnes registered the trade name Embassy Realty Investments ("Embassy"), and then he purchased a vacant commercial building located at 3902 Lee Road in Cleveland, Ohio ("the property"). Barnes purchased the property from the Southeast Cleveland Church of Christ ("Southeast") for $15,000. Seven years before Barnes purchased the property from Southeast, the city's director of building and housing determined the property was a public nuisance and issued notices of condemnation and demolition to Southeast. The city sent these same notices to Barnes at his tax mailing address after he personally acquired the property.

{¶4} Less than six months after Barnes purchased the property from Southeast, he entered into a 12-year lease agreement with Clear Channel Outdoor, Inc. ("Clear Channel"), which allowed Clear Channel to maintain a billboard on the property. The lease provided for an initial one-time advance payment of $45,000 upon execution of the lease agreement and annual rent of $1,250, paid in monthly installments of $104.17.

{¶5} In January 2007, the city issued notice to Barnes of various building code violations existing on the property and for conducting work without the necessary permits. The city subsequently issued a notice of condemnation to Barnes and posted the notice at the property.

{¶6} In December 2008, Barnes incorporated Embassy and transferred the property to Embassy by quitclaim deed. The deed recorded with the Cuyahoga County Auditor reflects that Embassy paid no consideration for the property. Barnes claims, however, that Embassy issued a cognovit note to him in the amount of $150,000 as consideration. The cognovit note identifies

Barnes as president, secretary, and treasurer of Embassy; it further lists Barnes and his father, John Barnes, Sr., as the only two members of Embassy's board of directors. Barnes acknowledges he is Embassy's sole shareholder. After transferring his interest in the property to Embassy, Barnes remained lessor to Clear Channel and continued to personally receive monthly lease payments from Clear Channel.

{¶7} In August 2009, the city's contractor began demolition of the building on the property. Demolition was temporarily halted when the common pleas court issued a temporary restraining order to Barnes in a separate matter. A few days after issuing the restraining order, the common pleas court granted the city's request to dissolve the restraining order, and the city's contractor completed demolition.

{¶8} In July 2011, Barnes and Embassy filed a complaint against the city in federal district court, alleging various constitutional violations related to demolition of the property. *Embassy Realty Invests., Inc. v. Cleveland*, 976 F.Supp.2d 931 (N.D.Ohio 2013). The district court granted summary judgment in favor of the city on Barnes and Embassy's claims, but declined to exercise jurisdiction over the city's counterclaim for demolition costs. *Id.* at 945.

{¶9} In July 2014, the city filed its initial complaint in the present matter, seeking its costs for demolition of the property from both Embassy and Barnes. In December 2015, the municipal court granted the city's motion for partial summary judgment as to Embassy, entering judgment against it in the amount of $14,036, plus collection costs and $3,509 in attorney fees, with statutory interest from the date of demolition.

{¶10} In April 2016, the trial court granted the city's request to amend its complaint against Barnes. In the amended complaint, the city alleges that Barnes had complete control over Embassy and used its corporate form to "commit fraudulent and/or unlawful acts against

[the city]." The city's amended complaint sought to pierce the corporate veil of Embassy to hold Barnes liable for the city's judgment against Embassy for the cost of demolition. Barnes subsequently moved to dismiss the city's amended complaint. In May 2016, the trial court denied Barnes's motion to dismiss.

{¶11} Later in May 2016, the city filed partial summary judgment as to Barnes. In September 2016, the municipal court granted the city's motion for summary judgment, and entered judgment against Barnes identical to the judgment that it previously rendered against Embassy.

{¶12} It is from this order that Barnes appeals, raising five assignments of error for review (see appendix to this opinion). However, we must now address the city's allegation that this appeal was rendered moot by the satisfaction of judgment.

{¶13} In May 2018, several months after the oral argument in this matter, the city filed a one-page notice alleging that the judgment had been satisfied. The notice contained no evidence in support (e.g., a journal entry) and was not joined by Barnes. The city did not move to dismiss the appeal, nor did it present any evidentiary support that would satisfy the adversarial process. E.g., *Blisswood Village Home Owners Assn. v. Euclid Community Reinvestment, L.L.C.*, 8th Dist. Cuyahoga No. 105854, 2018-Ohio-1091, ¶ 11 (appellee filed a motion to dismiss on grounds that satisfaction of judgment rendered the appeal moot); *O'Neill v. O'Neill*, 8th Dist. Cuyahoga No. 67537, 1995 Ohio App. LEXIS 3976, at 12 (Sept. 14, 1995) (holding that an appeal is not moot if the satisfaction of the judgment is deemed to be involuntary). With nothing in the record beyond the city's general averments, Barnes's appeal proceeded to judgment.

**{¶14}** In July 2018, the city filed a timely motion for reconsideration and included a time-stamped copy of the release of judgment lien against Embassy filed May 7, 2018, and a time-stamped copy of the notice of satisfaction of judgment that was filed in the municipal housing court the same day. The issue is now properly before the court for resolution.

**{¶15}** The record reflects that Barnes did not seek a stay of execution of the judgment and did not file a bond as provided under Civ.R. 62. The city argues that as a result of the satisfaction of judgment in this case, this appeal is rendered moot.

**{¶16}** Barnes, on the other hand, argues the judgment has only been partially satisfied and that, even if the judgment has been satisfied, the appeal is not moot because satisfaction was not voluntarily.

**{¶17}** In support of his argument that the judgment has not been satisfied, Barnes points to the docket of the judgment lien Embassy filed against him personally, which he attached to his brief in opposition to Embassy's motion for reconsideration. *See* Cuyahoga C.P. No. JL-16-784489. He notes that the docket indicates that the judgment lien recorded against him remains active and has not yet been released. The city, however, has presented the release of the judgment lien recorded against Embassy in the Court of Common Pleas (*see* Cuyahoga C.P. No. JL-16-765559) and the notice of satisfaction of the judgment filed in Cleveland Municipal Housing Court.

**{¶18}** Barnes's argument that the judgment has not been satisfied is unpersuasive. The municipal court found that Barnes was personally liable for the city's judgment against Embassy under a theory of piercing-the-corporate-veil liability. It is undisputed that the judgment against Embassy has been satisfied. The city can have only one satisfaction of its claim for demolition costs. *Tanner v. Espey*, 128 Ohio St. 82, 85, 190 N.E. 229 (1934) ("It is a fundamental rule of

law that but one satisfaction can be exacted for the same demand.") Accordingly, it is clear that the judgment in the matter, for which Embassy and Barnes were jointly and severally liable, has been satisfied. The fact that the judgment lien recorded by Embassy against Barnes has not been released is immaterial.

{¶19} This court has explained that "'[i]t is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot.'" *Francis David Corp. v. MAC Auto Mart, Inc.*, 8th Dist. Cuyahoga No. 93951, 2010-Ohio-1215, ¶ 10, quoting *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 (1990). In *Blodgett*, the Ohio Supreme Court explained:

> Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment.

*Id.* at 245, quoting *Rauch v. Noble (In re Appropriation)*, 169 Ohio St. 314, 316, 159 N.E.2d 451 (1959), quoting *Lynch v. Bd. of Edn.*, 116 Ohio St. 361, 156 N.E. 188 (1927), paragraph three of the syllabus.

{¶20} If an appellant fails to obtain a stay of the judgment, the nonappealing party has the right to attempt to obtain satisfaction of the judgment even though the appeal is pending. *Wiest v. Wiegele*, 170 Ohio App.3d 700, 2006-Ohio-5348, 868 N.E.2d 1040, ¶ 12 (1st Dist.). If "'the non-appealing party is successful in obtaining satisfaction of the judgment, the appeal must be dismissed because the issues raised in the appeal have become moot.'" *Id.*, quoting *Hagood v. Gail*, 105 Ohio App.3d 780, 785, 664 N.E.2d 1373 (11th Dist.1995).

{¶21} Here, Barnes did not move for a stay of execution of the judgment in this case, and the city obtained satisfaction of judgment through garnishment during the pendency of this

appeal. As discussed above, the city attached to its motion for reconsideration time-stamped copies of the release of judgment lien against Embassy and the notice of satisfaction of judgment that was filed with the municipal court.

**{¶22}** In order to have avoided execution on the judgment, Barnes should have followed the procedures for obtaining a stay of execution and for obtaining a supersedeas bond or its equivalent. *Francis David Corp.*, 8th Dist. Cuyahoga No. 93951, 2010-Ohio-1215, at _ 11, citing *Brickman v. Frank G. Brickman Trust*, 8th Dist. Cuyahoga No. 81778, 2004-Ohio-2006, ¶ 8. "Voluntary satisfaction of judgment waives the right to appeal[.]" *Brickman* at ¶ 8.

**{¶23}** We disagree with Barnes's argument that satisfaction of the judgment in this matter was involuntary because of the garnishment. This court has held that "a pending garnishment does not render payment involuntary because defendants were entitled to a stay of the municipal court's judgment as a matter of law, upon giving an adequate bond." *Francis David Corp.* at fn. 4, citing *Hagood,* 105 Ohio App.3d at 788, 664 N.E.2d 1373.

**{¶24}** Accordingly, we find that the instant appeal is moot.

**{¶25}** Appeal is dismissed.

It is ordered that appellee recover of appellant the costs herein taxed.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY EILEEN KILBANE, PRESIDING JUDGE

MELODY J. STEWART, J., and
TIM McCORMACK, J., CONCUR

## APPENDIX

### Assignment of Error One

The trial court erred when it denied [Barnes's] motion to dismiss on the ground that [the city] failed to commence its causes of action within the [four-year statute of limitations] as mandated by [R.C.] 1336.09.

### Assignment of Error Two

The trial court erred when it denied [Barnes's] motion to dismiss on the ground that sections 3103.09(k) and 367.08(b) of the [Cleveland Codified Ordinances] only authorized [the city] to collect demolition costs from the named property owner on the date of the demolition of August 7, 2009[,] and thus, [the city] cannot collect demolition costs from [Barnes] and this matter should have been dismissed against him.

### Assignment of Error Three

The trial court erred when it denied [Barnes's] motion to dismiss on the ground that [the city] failed to join a necessary party to the action herein, [Southeast], which is jointly and severally liable for demolition costs pursuant to sections 3103.09(k) and 367.08(b) of the [Cleveland Codified Ordinances] only authorized [the city] in that it was an owner in the chain of title of the subject realty after the service of the notice of condemnation, and thus, this case should be dismissed.

### Assignment of Error Four

The trial court erred when it granted summary judgment against [Barnes] on the ground that [Barnes] committed fraud by transferring his interest in the subject premises to [Embassy] pursuant to the doctrine established in *Belvedere Condominium Owners' Assn. v. R.E. Roark Cos.*, 67 Ohio St.3d 274, [1993-Ohio-119, 617 N.E.2d 1075 ("*Belvedere*")], but failed to commence its causes of action within the [four-year statute of limitations] as mandated by [R.C.] 1336.09.

### Assignment of Error Five

The trial court erred when it granted the motion for summary judgment against [Barnes] on the grounds that genuine issues of material fact prevail as to whether [Barnes] committed fraud by transferring his interest in the subject premises to [Embassy] pursuant to the doctrine established in [*Belvedere*].