[Cite as *Salone v. Stovall*, 2025-Ohio-968.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

LENDER SALONE,                               :

    Plaintiff-Appellee,                    :

                                             No. 114257

    v.                                     :

MARREITTA STOVALL, ET AL.,                   :

    Defendants-Appellants.                 :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** March 20, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-992332

---

### *Appearances:*

Jones Day, Michael S. Quinlan, Alexander W. Prunka, Patrick F. Callahan, and Andrew S. Rumschlag, *for appellee.*

Marreitta Stovall, *pro se.*

MARY J. BOYLE, P.J.:

{¶ 1} This appeal arises from a complaint for declaratory judgment to quiet title initiated by plaintiff-appellee, Lender Salone ("Salone"), against pro se defendants-appellants, Marreitta Stovall ("Marreitta") and M. Ade'We' Stovall ("Ade'We'") (collectively referred to as "defendants"). Salone, who was nearly 80

years old at the time, alleges defendants took her home by defrauding her out of the deed in late 2022. Salone sought declaratory judgment to quiet title, alleging that the deed to her property, prepared by Marreitta and transferring interest to Ade'We' was void for fraud. The trial court granted summary judgment on Salone's claims and issued an order finding that the fraudulent deed was void. Because Salone filed the trial court's judgment entry in the Cuyahoga County Fiscal Office and effectively quieted title against the defendants before the defendants obtained a stay of execution of the judgment, we dismiss the appeal as moot.[1]

## I. Facts and Procedural History

{¶ 2} Salone has lived in her home on East 91st Street in Cleveland since approximately 2008. (Salone's motion for summary judgment affidavit, ¶ 4.) The home has been in her family for more than 30 years. (Salone's motion for summary judgment affidavit, ¶ 5.) She bought the property outright in 2017. (Salone's motion for summary judgment affidavit, ¶ 5.) Salone suffers from several medical conditions, including depression, breast cancer, heart palpitations, carpal tunnel syndrome, and an eye injury that left her partially blind. (Salone's motion for

---

[1] A review of the Cuyahoga County Fiscal Office's website reveals that on August 13, 2024, Salone filed the trial court's judgment entry that quieted title against the defendants. Salone referred to this filing in her brief in opposition to defendants' stay and attached a certified copy of the filing to her appellate brief. We take judicial notice of the filing recorded with the fiscal office. "This court is permitted to take judicial notice of court filings that are readily accessible from the internet." *State ex rel. Fischer Asset Mgt., LLC v. Scott*, 2023-Ohio-3891, ¶ 3 (8th Dist.), fn. 1, citing *In re Helfrich*, 2014-Ohio-1933, ¶ 35 (5th Dist.), citing *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8, 10 (court can take judicial notice of judicial opinions and public records accessible from the internet).

summary judgment affidavit, ¶ 7-8.) Salone also has limited financial means, with her income consisting of the $1,430/month she receives from Social Security. (Salone's poverty affidavit, *Stovall v. Salone*, Cleveland M.C. No. 2023-CVG-000261.) Salone knew the defendants from her church and met them 17 years ago. (Salone's motion for summary judgment affidavit, ¶ 12.)

{¶ 3} During the summer of 2022, Marreitta contacted Salone and invited her to dinner. (Salone's motion for summary judgment affidavit, ¶ 15.) They went out to dinner several times, and Marreitta paid the bill each time. (Salone's motion for summary judgment affidavit, ¶ 17.) Salone discussed her struggles at dinner, including her health problems and mental state. (Salone's motion for summary judgment affidavit, ¶ 18.) Through their interactions, Salone learned that Marreitta was living out of her car. (Salone's motion for summary judgment affidavit, ¶ 19.) Because of this, Salone allowed Marreitta to cook at her house. (Salone's motion for summary judgment affidavit, ¶ 20.) Marreitta then began to sleep at the house and use the second floor without Salone's permission. (Salone's motion for summary judgment affidavit, ¶ 22.) Eventually, Marreitta installed a door to the second floor that she kept locked, restricting Salone's access within her own home. (Salone's motion for summary judgment affidavit, ¶ 33.)

{¶ 4} According to Salone, Marreitta offered Salone a "reverse mortgage" arrangement in which "Defendants would maintain upkeep of the house, pay me $550 per month so long as I lived to help with my bills, and I could live in my home for the rest of my life. In exchange, Marreitta proposed I would leave the Property

to Ade'We' when I died and I would let Marreitta move into the second floor." (Salone's motion for summary judgment affidavit, ¶ 25.) Salone repeatedly rejected this "reverse mortgage" offer, but Marreitta persisted. (Salone's motion for summary judgment affidavit, ¶ 27-29.)

{¶ 5} In October 2022, Marreitta learned that Salone was going to be short on her next car payment. (Salone's motion for summary judgment affidavit, ¶ 36.) Marrietta continued to press Salone about the "reverse mortgage," and offered her $2,000 up front if Salone would agree to the arrangement. (Salone's motion for summary judgment affidavit, ¶ 36.) On October 15, 2022, Salone "caved. [She] was depressed, desperately needed the money, and had been worn down by Marreitta's constant harassment." (Salone's motion for summary judgment affidavit, ¶ 36.)

{¶ 6} On October 15, 2022, Marreitta and Salone appeared before a notary public, ("Notary"), to execute a two-page document that Salone believed was the terms of the proposed "reverse mortgage" arrangement. (Salone's motion for summary judgment affidavit, ¶ 36-40, 45.) Salone signed the signature page, which "had a few words and signature lines." (Salone's motion for summary judgment affidavit, ¶ 39.) Notary then notarized only the second page of the document — the signature page. (Salone's motion for summary judgment affidavit, ¶ 40, Notary's affidavit, ¶ 5.) According to Notary, at the time he notarized the signature page, "it did not feature the document number and date stamped across the top" and the "first page of the document [he] notarized was not a deed." (Notary's affidavit, ¶ 5-6.) Notary had neither seen nor reviewed the first page of the general warranty deed

and was certain that the first page of the deed was not presented to him or Salone at the time Salone signed, and he notarized the signature page presented to him. (Notary's affidavit, ¶ 7.)

{¶ 7} According to Salone, she never gave Marreitta permission to prepare any deed, and she would not have signed any deed or transferred the Property to Ade'We'. (Salone's motion for summary judgment affidavit, ¶ 43-45.) Salone "later learned that Marreitta attached the page [she] had signed to a general warranty deed, making it look as though [she] had given the Property to Ade'We'." (Salone's motion for summary judgment affidavit, ¶ 42.) Marreitta prepared and recorded a general warranty deed on October 19, 2022, that transferred Salone's interest in the property to Ade'We'. (Salone's Complaint, ¶ 63.) According to Salone, this new deed included the signature page she signed for the "reverse mortgage" agreement with Marreitta. (Salone's Complaint, ¶ 64.)

{¶ 8} In January 2023, which was approximately three months after Salone signed the "reverse mortgage," the defendants filed eviction proceedings in Cleveland Municipal Housing Court. *Stovall v. Salone*, Cleveland M.C. No. 2023-CVG-000261. Salone filed a counterclaim for quiet title in the housing court. The housing court dismissed defendants' eviction action in March 2023, and in January 2024 dismissed Salone's claims seeking quiet title for lack of subject-matter jurisdiction.

{¶ 9} Then in February 2024, Salone filed her complaint, in the underlying action, for declaratory judgment to quiet title in the Cuyahoga County Court of

Common Pleas. Salone set forth the following four causes of action: action to quiet title — fraud in factum; action to quiet title — fraud in the inducement; action to quiet title — undue influence; and action to quiet title — void deed. Defendants, who were pro se, filed their answer. Following discovery, Salone moved for summary judgment and the defendants opposed. On August 8, 2024, the trial court granted Salone's motion for summary judgment finding that "reasonable minds can come but to one conclusion, that there are no genuine issues of material fact and that [Salone] is entitled to judgment as a matter of law as to Counts I-IV of [her] complaint." (Journal entry, Aug. 5, 2024.) The court entered declaratory judgment in Salone's favor and ordered that "the property and premises subject to this action, commonly known as 1398 E. 91st Street in Cleveland, Cuyahoga County, Ohio, 44106, is quieted and all right, title and interest is vested in [Salone]. The fraudulent deed recorded with the Cuyahoga County Recorder on 10/19/2022, as Document No. 202210190465, is void." (Journal entry, Aug. 5, 2024.)

{¶ 10} On August 13, 2024, Salone recorded a copy of the trial court's judgment entry with the Cuyahoga County Fiscal Office. On August 14, 2024, defendants filed the instant appeal from the court's August 5, 2024 judgment entry. On August 19, 2024, the defendants sought a stay of this judgment with the trial court. Salone opposed the stay, arguing that there is no judgment for the court to stay because she already executed the judgment quieting title in her favor. On September 12, 2024, the trial court denied the stay as moot, finding that Salone "has already executed the judgment." (Journal entry, Sept. 12, 2024.)

**{¶ 11}** Defendants now appeal, raising the following three assignments of error, set forth verbatim, for review:

> **Assignment of Error I:** Prejudicial error — Our substantial rights were taken away as all the false statements of [Salone's trial counsel] in all of their briefs were uncontested hogwash and then they supported those untruths with case study that supported the untruths and it was accepted as truth because of who [Salone's trial counsel] is. . . .

> **Assignment of Error II:** Constitutional error — After 22 months [the trial court] ruled on the summary judgement without any credible evidence at all — only here say of [Notary] which should have been inadmissible with us not being able to cross examining his false statement. . . .

> **Assignment of Error III:** Structural error — Because of structural error, pro se prejudice, the lower, court did not serve its purpose because the court is a vehicle for determining guilt or innocence — we simply didn't get due process. . . .[2]

## II. Law and Analysis

**{¶ 12}** Defendants challenge the trial court's grant of summary judgment, claiming that the trial court should have given their evidence more weight and they were deprived of due process when summary judgment was granted rather than having a trial. Salone, relying on *Ma v. Gomez*, 2023-Ohio-524 (8th Dist.), argues that this appeal is moot because the defendants failed to obtain a stay before Salone executed the judgment, which constituted a voluntary satisfaction of the judgment. Salone argues that because she recorded the trial court's judgment entry, she has

---

[2] We note that in their appellate brief, defendants list three assignments of error in the statement of the assignments of error, but the analysis section contains a fourth assignment of error— breach of contract.

quieted title in the subject property and has effectuated a satisfaction of judgment in the instant matter. We find Salone's argument persuasive.

{¶ 13} In *Ma*, the plaintiff, as the vendor of a land installment contract for real estate, filed suit against the defendants (vendee of the land installment contract and vendee's romantic partner), asserting a claim for forfeiture of the contract and sought declaratory judgment that the contract was terminated and that defendants' interest in the property has been forfeited, "'with all rights as to the subject property restored to [plaintiff].'" *Id.* at ¶ 42. Plaintiff filed a motion for summary judgment, which the trial court granted. The court entered an order declaring the quitclaim deed vendee's romantic partner filed to be "'null and void for lack of adequate consideration and for failure of delivery.'" *Id.* at ¶ 47. The court then declared that title to the property be vested in plaintiff's name. *Id.*

{¶ 14} On appeal, this court found that this portion of the appeal was moot because the plaintiff recorded the trial court's judgment nullifying the quitclaim deed before the defendants filed a notice of appeal or sought to post a supersedeas bond. *Id.* at ¶ 50. The court reasoned:

> It is a "well-established principle of law" that voluntary satisfaction of a judgment renders an appeal from that judgment moot. *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 (1990); *Francis David Corp. v. MAC Auto Mart, Inc.*, 8th Dist. Cuyahoga No. 93951, 2010-Ohio-1215, ¶ 11 ("'Voluntary satisfaction of judgment waives the right to appeal.'"), quoting *Brickman v. Frank G. Grickman Trust*, 8th Dist. Cuyahoga No. 81778, 2004-Ohio-2006, ¶ 8. As the Ohio Supreme Court explained in *Blodgett*:
>
> > "'Where the court rendering judgment has jurisdiction of the subject[ ] matter of the action and of the parties, and fraud has

not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment.'"

*Blodgett* at 245, quoting *Rauch v. Noble*, 169 Ohio St. 314, 316, 159 N.E.2d 451 (1959), quoting *Lynch v. Bd. of Edn. of City School Dist. of City of Lakewood*, 116 Ohio St. 361, 156 N.E. 188 (1927), paragraph three of the syllabus; *see also Cleveland v. Embassy Realty Invests., Inc.*, 8th Dist. Cuyahoga No. 105091, 2018-Ohio-4335, ¶ 20 (If the successful party obtains a satisfaction of the judgment, any appeal "'must be dismissed because the issues raised in the appeal have become moot.'"), quoting *Hagood v. Gail*, 105 Ohio App.3d 780, 785, 664 N.E.2d 1373 (11th Dist.1995).

If a party adversely affected by a judgment fails to obtain a stay of the judgment, the successful party to the judgment has the right to attempt to obtain a satisfaction of the judgment even if an appeal of the judgment is pending. *See, e.g., Trumbull Twp. Bd. of Trustees v. Rickard*, 11th Dist. Ashtabula No. 2017-A-0048, 2019-Ohio-2502, ¶ 22, 27; *Wiest v. Wiegele*, 170 Ohio App.3d 700, 2006-Ohio-5348, 868 N.E.2d 1040, ¶ 12 (1st Dist.). Where a party is entitled to enforce a judgment, actions to enforce the judgment do not render subsequent payment involuntary. *CommuniCare Health Servs. v. Murvine*, 9th Dist. Summit No. 23557, 2007-Ohio-4651, ¶ 19. An appellant is deemed to have acted voluntarily in satisfying a judgment when the appellant fails to seek a stay of execution prior to the judgment being satisfied. *Hagood* at 790. As the Third District explained in *Crites v. Crites*, 3d Dist. Defiance No. 4-18-03, 2019-Ohio-1043:

> Generally, a party may avoid a voluntary satisfaction of judgment by moving to stay execution of the judgment and by posting a supersedeas bond in an amount deemed by the trial court to be adequate to secure the judgment. *See* R.C. 2505.09; Civ.R. 62(B); App.R. 7(A), (B). "'Once the appellant obtains the stay of execution, neither the trial court nor the non-appealing party is able to enforce the judgment.'" *Alan v. Burns*, 9th Dist. Medina No. 3271-M, 2002-Ohio-7313, ¶ 5, quoting *LaFarciola v. Elbert*, 9th Dist. Lorain No. 98CA007134, 1999 Ohio App. LEXIS 5833, 2 (Dec. 8, 1999). "'The lone requirement of Civ.R. 62(B) is the giving of an adequate supersedeas bond.'" *Burns* at ¶ 5, quoting *State ex rel. Ocasek v. Riley*, 54 Ohio St.2d 488, 490, 377 N.E.2d 792 (1978). Conversely, "[a] judgment is voluntarily satisfied 'where the party fails to seek a stay prior to the

> satisfaction of [the] judgment.'" *Summit Servicing Agency, L.L.C. v. Hunt*, 9th Dist. Summit No. 28699, 2018-Ohio-2494, ¶ 13, quoting [*Murvine* at] ¶ 20.
>
> *Id*. at ¶ 11.
>
> This rule applies to real-estate proceedings. *Royal Fleet Auto Sales, L.L.C. v. Chambers*, 8th Dist. Cuyahoga No. 107769, 2019-Ohio-2236; *Filip v. Wakefield Run Master Homeowners' Assn.,* 9th Dist. Medina No. 17CA0025-M, 2018-Ohio-1171.

*Id*. at ¶ 51-53.

{¶ 15} Here, the trial court entered its judgment finding the "fraudulent deed recorded with the Cuyahoga County Recorder on 10/19/2022, as Document No. 202210190465, is void." (Journal entry, Aug. 5, 2024.) The trial court's order declared that all right, title, and interest in the property is vested in Salone's name. Salone then filed the judgment in the Cuyahoga County Fiscal Office on August 13, 2024, effectively quieting title against defendants. Defendants filed their notice of appeal on August 14, 2024, and on August 19, 2024, they filed a motion in the trial court to stay execution of the judgment — which had already been executed six days prior. Salone opposed the stay and the trial court denied the stay as moot, finding that Salone "has already executed the judgment." (Journal entry, Sept. 12, 2024.)

{¶ 16} Based on the foregoing, we find that the issues raised in defendants' appeal have been rendered moot by Salone's satisfaction of the judgment — filing the judgment entry in the fiscal's office and effectively quieting title against defendants — prior to defendants obtaining a stay. *Ma* at ¶ 50; *Royal Fleet* at ¶ 21 (where this court found appellant's claim that the trial court erred by granting appellee's motion for summary judgment in its quiet title action against appellant

moot because appellant did not obtain a stay of the execution of judgment prior to appellee obtaining a satisfaction of judgment by filing the trial court's judgment entry in the recorder's office and effectively quieting title against appellant.) Therefore, the appeal is moot.

{¶ 17} Appeal dismissed.

It is ordered that appellee recover from appellants costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
ANITA LASTER MAYS, J., CONCUR