BIBB et al., Appellees,

v.

HOME SAVINGS AND LOAN COMPANY, Appellant.

[Cite as *Bibb v. Home S. & L. Co.* (1989), 63 Ohio App.3d 751.]

Court of Appeals of Ohio,
Huron County.

No. H–87–26.

Decided Aug. 15, 1989.

*Dennis P. Levin,* for appellees.

*Richard Frye,* for appellant.

HANDWORK, Presiding Judge.

This matter is before the court on the motion of appellees, Joseph M. Bibb et al., to increase the amount of the supersedeas bond required of appellant, Homes Savings and Loan Co. Also before the court is appellant's memorandum in opposition.

Appellees seek to have the appeal bond increased to protect the post-judgment interest which has accumulated since the day judgment was rendered in their favor on May 5, 1987. Appellant opposes the increase on the ground that the trial court's failure to decide an identical motion filed with it on December 11, 1987, indicates that it found the bond to be adequate. Furthermore, appellant argues that the bond cannot be increased absent a showing of an abuse of discretion by the trial court in setting the amount of the bond.

Under R.C. 2505.09, a stay of execution of a judgment may be obtained by complying with the Appellate Rules of Procedure and executing a supersedeas bond in the amount not less than the amount of the final judgment and interest. App.R. 7 further provides that application for such a stay must first be made in the trial court. If application to the trial court is impracticable, the motion is denied by the trial court, or the trial court otherwise fails to grant the relief sought, appellee may then request the appellate court to grant the stay. App.R. 7.

App.R. 7(B) provides that the granting of a stay may be conditioned upon the filing of a bond or other security. Determining the need for the bond and its amount are discretionary matters which will not be overturned by the appellate court absent a showing of an abuse of discretion. *Spencer v. News Publishing Co.* (App.1946), 47 Ohio Law Abs. 397, 69 N.E. 232; *Horvitz v. Sours* (1943), 74 Ohio App. 467, 475, 30 O.O. 102, 58 N.E. 405; and *State, ex. rel. Krieg, v. Reynolds* (App.1933), 16 Ohio Law Abs. 321. However, R.C. 2505.16 empowers the appellate court upon motion to alter the bond or order a new bond if the original bond is insufficient in form or amount. See, also, *Acme Mtge. & Investment Co. v. Bachelor* (1947), 79 Ohio App. 417, 35 O.O. 181, 74 N.E.2d 111.

In the case before us, we are presented with the unique issue of whether an appellate court may increase the bond upon which a stay granted by the trial court has been conditioned. While R.C. 2505.16 clearly authorizes the appellate court to modify the bond, we find that App.R. 7 requires that such a motion be first made in the trial court, if it initially granted the bond, to give it an opportunity to modify the bond. Where the trial court initially grants the stay, it is better able to determine whether an increased bond is necessary to cover the potential losses to appellee if appellant should lose the appeal.

In this case, appellees filed a similar motion for a new bond in the trial court on December 11, 1987, which the trial court never ruled upon. However, appellees have not requested that we order the trial court to rule upon that motion or increase the bond due to the trial court's failure to determine the

motion. Instead, appellees waited approximately a year and one-half to file a motion with this court to increase the bond. We conclude that the appropriate action would have been for appellees to make such a motion to the trial court first. If the trial court fails to rule on the motion or denies the motion, appellees may then seek such relief from this court.

Wherefore, we find appellees' motion not well taken, and it is hereby ordered denied.

*Motion denied.*

CONNORS and ABOOD, JJ., concur.