WINTON SAVINGS & LOAN COMPANY

v.

EASTFORK TRACE, INC. et al. ▉

2001-Ohio-4386.]

Court of Common Pleas of Ohio,
Clermont County.

No. 2001–CVE–169.

Decided Aug. 17, 2001.

**84**

Daniel J. Wenstrup, for plaintiff.

Nichols, Speidel & Nichols and Donald W. White, for defendants.

ROBERT P. RINGLAND, Judge.

{¶ 1} On July, 17, 2001, an entry granting summary judgment and a decree of foreclosure in favor of plaintiff, Winton Savings and Loan Company, was filed. In that entry, the court found that there is due and owing to the plaintiff from the defendants the sum of $1,969,315.10 as of June 20, 2001, plus interest at the annual rate of 1 percent in excess of the prime rate announced and presently in effect as published in The Wall Street Journal.

{¶ 2} On August 2, 2001, the court filed an entry granting a stay of execution on the judgment of July 17, 2001. This stay is conditioned upon the posting of the real estate, which is the subject of the foreclosure action, as the supersedeas bond.

{¶ 3} On August 3, 2001, the plaintiff filed a motion for reconsideration and clarification. In the motion, the plaintiff argues that the posting of the real estate does not provide sufficient security to guarantee payment of the plaintiff's judgment. Also, the plaintiff argues that the defendants cannot use the property that is the subject of the foreclosure action as surety.

■ {¶ 4} On August 14, 2001, the court held a hearing on the matter. The court heard testimony as to the value of the real estate at issue. Upon considering the testimony, the court determined that the real estate has a value of $3,000,000. The court finds that the real estate does provide sufficient security to guarantee payment of the plaintiff's judgment, plus interest.

{¶ 5} The granting of a stay of execution is within the sound discretion of the trial court. *Buckles v. Buckles* (1988), 46 Ohio App.3d 118, 121, 546 N.E.2d 965, 969. It is also within the discretion of the trial court to determine whether a bond is necessary and its amount. *Bibb v. Home S. & L. Co.* (1989), 63 Ohio App.3d 751, 752, 580 N.E.2d 52, 53.

{¶ 6} R.C. 2505.09 provides that "[e]xcept as provided in section 2505.11 or 2505.12 * * * an appeal does not operate as a stay of execution until a stay of execution has been obtained * * * and a supersedeas bond is executed by the appellant to the appellee, with sufficient sureties and in such sum, not less than, if applicable, the amount of the final order."

{¶ 7} R.C. 2505.11 provides that "[a] conveyance of property may be ordered by a court instead of a supersedeas bond in connection with an appeal." R.C. 2505.11. In accordance with R.C. 2505.11, the court is not required to order the defendants to post a bond per se, but is permitted to order that cash or other property be deposited in lieu of a bond. *Sergi v. Sergi* (May 8, 1996), Summit App. No. 17550, 1996 WL 233492. A court may issue an order allowing the deed to the property in question to be held in lieu of a supersedeas bond, effectively staying the execution of judgment during the pendency of the appeal. See *Harness v. D. Jamison & Assoc., Inc.* (June 25, 1997), Hamilton App. No. C–960735, 1997 WL 346053.

{¶ 8} Based upon the foregoing analysis, the court finds the plaintiff's motion to be without merit. The real estate does provide sufficient security to guarantee payment of the plaintiff's judgment in the amount of $1,969,315.10 plus interest. Additionally, it is within the court's discretion to accept the posting of the real estate, which is subject to the foreclosure action, in lieu of a supersedeas bond.

Motion denied.