[Cite as *RNE Ents., L.L.C. v. Imperial Kitchen Cabinet Factory, L.L.C.*, 2022-Ohio-1671.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

RNE ENTERPRISES, LLC,      :

     Plaintiff-Appellee,      :

     v.      :

No. 110747

IMPERIAL KITCHEN CABINET      :
FACTORY, LLC, ET AL.,

     Defendants.      :

[Appeal by Defendant-Appellant      :
 New Choice Home Deco, Inc.]

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** May 19, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-923579

---

### *Appearances:*

Stephen D. Dodd, Co., LLC, and Stephen D. Dodd; The
Coey Law Firm, LLC, and G. Brenda Coey, *for appellee*.

Michael P. Harvey Co., L.P.A. and Michael P. Harvey, *for
appellant*.

EILEEN A. GALLAGHER, J.:

{¶ 1} Appellant New Choice Home Deco, Inc. ("New Choice") appeals the

default judgment entered as a sanction by the trial court below in favor of RNE

Enterprises, LLC ("RNE") and against New Choice. We find that the notice of satisfaction renders this present appeal moot. Accordingly, we dismiss this appeal.

{¶ 2} After the trial court granted default judgment to RNE, RNE garnished New Choice's assets. New Choice filed a motion to stay execution without bond. However, the trial court determined that New Choice needed to obtain and file a supersedeas bond to obtain the stay of execution. When New Choice moved for a stay of execution from this court, we likewise ruled that "[t]he trial court did not err by requiring a supersedeas bond to be filed in the amount of the judgment."

{¶ 3} Following the garnishment proceedings, RNE filed a Praecipe/Motion to Supplement the Record on February 28, 2022. In material part, this filing stated that "[t]he filings and journal entries from and after November 22, 2021 are material to the appeal, as they demonstrate that the underlying judgment that is the subject of [New Choice's] two appeals has been fully and voluntarily satisfied by the [New Choice.]"

{¶ 4} "Where * * * the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment." *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 (1990). "[A]n event that causes a case to become moot may be proved by extrinsic evidence outside the record." *Pewitt v. Superintendent, Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472, 597 N.E.2d 92 (1992).

**{¶ 5}** This court has found that failure to seek a stay of execution rendered the payment "voluntary." *Cleveland v. Embassy Realty Invests., Inc.*, 8th Dist. Cuyahoga No. 105091, 2018-Ohio-4335, ¶ 23. "Obtaining satisfaction through garnishment proceedings is considered a 'voluntary' payment." *Cleveland v. Spears*, 8th Dist. Cuyahoga No. 107841, 2019-Ohio-3041, ¶ 8.

**{¶ 6}** "If an appellant fails to obtain a stay of the judgment, [and i]f the non-appealing party is successful in obtaining satisfaction of the judgment, the appeal must be dismissed because the issues raised in the appeal have become moot." *Embassy Realty Invests.* at ¶ 20.

**{¶ 7}** "In order to have avoided execution on the judgment, [New Choice] should have followed the procedures for obtaining a stay of execution *and* for obtaining a supersedeas bond or its equivalent." (Emphasis added.) *Id.* at ¶ 22, citing *Francis David Corp. v. MAC Auto Mart, Inc.*, 8th Dist. Cuyahoga No. 93951, 2010-Ohio-1215, ¶ 11; *Brickman v. Frank G. Brickman Trust*, 8th Dist. Cuyahoga No. 81778, 2004-Ohio-2006, ¶ 8.

**{¶ 8}** New Choice cannot rely on its motions for stay of execution to establish that this appeal is not moot. This court and the trial court both found that New Choice was entitled to a stay upon furnishing an adequate bond. "[A] pending garnishment does not render payment involuntary because defendants were entitled to a stay of the municipal court's judgment as a matter of law, *upon giving adequate bond*." (Emphasis added.) *Francis David Corp.* at ¶ 12, fn. 4. New Choice

failed to furnish an adequate bond and thus voluntarily paid the judgment. "Voluntary satisfaction of judgment waives the right to appeal[.]" *Brickman* at ¶ 8.

{¶ 9} Accordingly, New Choice has voluntarily paid the judgment which it now appeals, and we dismiss this appeal as moot.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR