[Cite as *RNE Ents., L.L.C. v. Imperial Kitchen Cabinet Factory, L.L.C.*, 2022-Ohio-1844.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

RNE ENTERPRISES, L.L.C.,                    :

      Plaintiff-Appellee,                    :

                                                                   No. 111036

      v.                    :

IMPERIAL KITCHEN CABINET                    :
FACTORY, L.L.C., ET AL.

                                                  :

[Appeal by New Choice Home
Deco, Inc.]                    :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** June 2, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-923579

---

### *Appearances:*

Stephen D. Dodd Co., LLC, and Stephen D. Dodd; The
Coey Law Firm, LLC, and G. Brenda Coey, *for appellee*.

Michael P. Harvey Co., L.P.A., and Michael P. Harvey, *for
appellant*.

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant New Choice Home Deco, Inc. ("New Choice") appeals from garnishment proceedings and raises five assignments of error. For the following reasons, we dismiss the appeal.

**Factual and Procedural History**

{¶ 2} The underlying case stems from allegations that RNE Enterprises, L.L.C. ("RNE") suffered losses when assets were fraudulently transferred to New Choice. This appeal does not address the underlying complaint but arose from garnishment proceedings instituted by RNE.

{¶ 3} On August 16, 2021, the trial court entered default judgment as a sanction in favor of RNE against New Choice in the amount of $296,735.46, plus costs and interest at the rate of 4% per annum from and after June 20, 2017.

{¶ 4} On August 17, 2021, New Choice filed an appeal ("initial appeal") from the trial court's grant of default judgment for sanctions. On the same date, New Choice filed a motion to stay execution without bond pending the outcome of the appeal.

{¶ 5} On August 18, 2021, pursuant to the August 16, 2021 judgment entry against New Choice, RNE instituted garnishment proceedings.

{¶ 6} On August 27, 2021, the Cuyahoga County Common Pleas Clerk of Courts docketed RNE's Cuyahoga County Affidavit, order, and notice of garnishment of property other than personal earnings ("bank attachment") that alleged PNC Bank held cash or funds of New Choice.

{¶ 7} On September 2, New Choice filed a Civ.R. 60(B) motion. On September 7, 2021, New Choice filed an objection to the garnishment proceedings.

{¶ 8} On September 13, 2021, New Choice filed a motion for judgment on the pleadings and requested a garnishment hearing. On September 14, New Choice filed a motion to intervene in the garnishment action. On September 17, 2021, PNC Bank answered the bank attachment and indicated it held available funds in New Choice's checking account. On September 17, 2021, PNC Bank deposited with the clerk of courts $238,498.56 in compliance with the bank attachment.

{¶ 9} On October 4, 2021, New Choice filed additional objections to the bank attachment. On October 4, 2021, and October 5, 2021, respectively, New Choice filed the affidavit of Haiyan Grace Moreland ("Moreland") and Moreland's supplemental affidavit. On October 5, 2021, the trial court held a garnishment hearing. The trial court's October 6, 2021 journal entry instructed New Choice to file a detailed accounting of the alleged exempted funds within seven days and instructed RNE to file a responsive pleading as soon as possible thereafter.

{¶ 10} On October 6, 2021, RNE filed a second bank attachment with the Cuyahoga County Court of Common Pleas that was directed to 21 banks and credit unions.[1]

{¶ 11} On October 11, 2021, New Choice filed a supplemental brief on the exemptions that allegedly applied to the first bank attachment. On October 15, 2021,

---

[1] The trial court docketed the second bank attachment on October 20, 2021.

RNE filed its response to New Choice's supplemental brief; New Choice filed a reply brief on October 20, 2021.

{¶ 12} On October 21, 2021, the trial court denied New Choice's motion to stay execution without bond. Pursuant to R.C. 2505.09, the trial court required a bond comparable to the amount of the judgment. On October 26, 2021, in *RNE Ents. v. Imperial Kitchen Cabinet Factory*, 8th Dist. Cuyahoga No. 110747, 2022-Ohio-1671, New Choice filed a motion to stay without bond that this court denied, citing *Bibb v. Home S. & L. Co.*, 63 Ohio App.3d 751, 580 N.E.2d 52 (6th Dist. 1989) ("[d]etermining the need for the bond and its amount are discretionary matters which will not be overturned by the appellate court absent a showing of an abuse of discretion").

{¶ 13} On November 1, 2021, New Choice filed an objection to the second bank attachment. On November 3, 2021, New Choice filed its second motion to intervene in the garnishment action. Pursuant to RNE's second bank attachment, PNC deposited $96,796.84 with the clerk of courts on November 5, 2021.

{¶ 14} On November 10, 2021, the court docketed a journal entry that reads:

> In the absence of a stay of execution by the trial court or the appellate court and the absence of any evidence that exempted funds were attached, the garnishment in this matter must be sustained as a matter of law. As no objection to the garnishment of property other than wages has been filed, the court hereby orders that the attached funds currently held by the clerk of court be released to the judgment creditor, c/o creditor's counsel, less costs and any applicable poundage. R.C. 2715.042. It is so ordered.

{¶ 15} On November 15, 2021, PNC Bank filed an answer as garnishee in the second bank attachment and indicated it held $96,796.84 of New Choice's funds. On November 16, 2021, the clerk of courts released payment to RNE in the amount of $331,262.35.

{¶ 16} On November 19, 2021, New Choice filed a motion to stay the trial court's November 10, 2021 order without a bond. On November 22, 2021, New Choice filed a timely notice of appeal that stems from the trial court's November 10, 2021 journal entry and that is now before this court.

{¶ 17} On December 6, 2021, the trial court found that in the absence of a stay of execution by the trial court or the appellate court and absent evidence that exempted funds were attached, the garnishment was sustained as a matter of law. The court further found that absent any objection to the garnishment of property other than wages, the court ordered the release of the funds held by the clerk of courts pursuant to the second bank attachment. On the same date, RNE filed a third bank attachment.

{¶ 18} On December 9, 2021, New Choice filed objections to the debtors' exam that the trial court set on January 19, 2022.

{¶ 19} On January 5, 2022, pursuant to the third bank attachment PNC Bank paid $22,469.21 to the clerk of courts. PNC Bank's answer was docketed on January 7, 2022. The trial court held a garnishment hearing on February 22, 2022. On February 23, 2022, a journal entry was docketed that stated absent a stay of execution and absent any evidence that exempted funds were attached, the trial

court ordered the release of the attached funds to RNE. The clerk of courts released payment to RNE in the amount of $22,001.16 on February 23, 2022.

{¶ 20} On February 28, 2022, RNE filed a praecipe to supplement the record. Specifically, RNE asked the court to supplement the record to include the trial court's docketed journal entries following November 22, 2021, when New Choice filed the instant appeal, so that the record included all docketed journal entries.

{¶ 21} On May 19, 2022, this court rendered an opinion in the initial appeal and found absent a stay of execution and the required bond by New Choice, satisfaction of the default judgment rendered the appeal moot. *RNE Ents.*, 8th Dist. Cuyahoga No. 110747, 2022-Ohio-1671.

{¶ 22} We now review this appeal in which New Choice states, verbatim, the following assignments of error:

> First assignment of error: Whether a garnishment done in Ohio, without proper jurisdiction, over the out of state Defendant can proceed as done by RNE Enterprises, LLC.
>
> Second assignment of error: Whether a garnishment procedure which, by its own terms, exceeds the scope of the parties to the Ohio case is *per se* improper.
>
> Third assignment of error: Whether the materials submitted by New Choice Home Deco, Inc. demonstrating exemptions, both under Pennsylvania and Ohio law, should have been applied, but were not.
>
> Fourth assignment of error: Whether the trial court erred in concluding that no objections to the garnishment of property, other than wages, was filed when New Choice Home Deco, Inc. filed objections on September 1, 2021, October 4, 2021, October 6, 2021 and November 1,

2021, with attachments and Affidavit information supplied by New Choice Home Deco Inc.

Fifth assignment of error: Whether a garnishment proceeding done without Ohio jurisdiction and by an improper procedure should be set aside and the monies returned to New Choice Home Deco, Inc.

**Legal Analysis**

{¶ 23} Appellate courts can review only questions that involve live controversies. *Cleveland v. Spears*, 8th Dist. Cuyahoga No. 107841, 2019-Ohio-3041, ¶ 7, citing *Bayview Loan Servicing v. Salem*, 9th Dist. Summit No. 27460, 2015-Ohio-2615, ¶ 7. "[A] satisfaction of judgment renders an appeal from that judgment moot." *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 (1990). "Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment." *Blodgett* at 245, quoting *Rauch v. Noble*, 169 Ohio St. 314, 316, 159 N.E.2d 451 (1959), quoting *Lynch v. Lakewood City School Dist. Bd. of Edn.*, 116 Ohio St. 361, 156 N.E. 188 (1927), paragraph three of the syllabus.

{¶ 24} Satisfaction of a judgment through garnishment proceedings is considered a voluntary payment. *Spears* at ¶ 8, citing *Francis David Corp. v. MAC Auto Mart, Inc.*, 8th Dist. Cuyahoga No. 93951, 2010-Ohio-1215, ¶ 12. To avoid execution of a judgment through garnishment proceedings, the opposing party must

obtain a stay of execution and post a supersedeas bond, or its equivalent. *Spears* at ¶ 8, citing *Francis David Corp.* at ¶ 12.

{¶ 25} Here, RNE obtained a judgment against New Choice and initiated garnishment proceedings. New Choice filed a motion to stay execution without a bond; the trial court denied that motion. New Choice filed a motion to stay execution without a bond with the court of appeals and this court denied that motion. RNE pursued and obtained satisfaction of the judgment through garnishment. RNE provided this court with copies of the checks they received through the garnishment proceedings that demonstrate full satisfaction of the underlying judgment. *Pewitt v. Superintendent, Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472, 597 N.E.2d 92 (1992) (an event that causes a case to become moot may be proven through extrinsic evidence). "Appellate courts are not constrained to resolve the mootness issue from the appellate record alone." *Spears* at ¶ 8.

{¶ 26} This court found in New Choice's initial appeal that New Choice's failure to furnish an adequate bond and its voluntary payment of the judgment through garnishment proceedings waived its right to appeal. *RNE Ents.*, 8th Dist. Cuyahoga No. 110747, 2022-Ohio-1671, ¶ 8. The same law applies here. This court finds that where New Choice failed to stay the proceedings with a supersedeas bond and the underlying judgment was satisfied through garnishment proceedings, this appeal is moot.[2]

---

[2] An argument related to fraud would defeat the mootness rule. *Wizards of Plastic Recycling, L.L.C. v. Recycling*, 9th Dist. Summit No. 25951, 2012-Ohio-3672, ¶ 9. Because none of New Choice's assignments of error relate to fraud, that issue is irrelevant.

{¶ 27} Appeal dismissed as moot.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
EILEEN T. GALLAGHER, J., CONCUR