[Cite as *McCormick v. Luke Collison Drywall & Constr., L.L.C.*, 2022-Ohio-4260.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| KENDRA McCORMICK, et al. | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiffs-Appellants/Cross-Appellees | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| LUKE COLLISON DRYWALL &
CONSTRUCTION LLC | Case No. 2021 CA 00036 |
| Defendant-Appellee/Cross-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Civil Appeal from the Court of Common
                                                            Pleas, Case No.  2020 CV 00001

JUDGMENT:                                         Dismissed

DATE OF JUDGMENT ENTRY:          November 28, 2022

APPEARANCES:

For Plaintiffs-Appellants/Cross-Appellees          For Defendant-Appellee

BRUCE M. BROYLES                          DAVID W. ORLANDINI
1379 Standing Stone Way                    SUNNY L. HORACEK
Lancaster, Ohi  43130                          DAVID G. JENNINGS
                                                            655 Metro Place South, Suite 200
                                                            Dublin, Ohio  43017

                                                            For Defendant-Appellee/Cross Appellant

                                                            JEFFREY B. SAMS
                                                            10400 Blacklick Eastern Rd. NW, Suite 140
                                                            Pickerington, Ohio  43147

*Wise, J.*

**{¶1}** Appellants Kendra McCormick and McCormick Farms, LLC appeal the September 21, 2021, decision of the Fairfield County Court of Common Pleas granting partial summary judgment in favor of Appellee Luke Collison Drywall & Construction, LLC and the November 5, 2021, decision granting judgment in favor of Appellee on its counterclaim after a bench trial.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** This action arises from an agreement between Appellant Kendra McCormick (McCormick) and Appellee Luke Collison Drywall & Construction LLC (Collison) for the demolition of an existing structure, construction of a new home, and the remodeling of an existing garage. The house was constructed on land owned by Appellant McCormick Farms, LLC.

**{¶3}** The relevant facts and procedural history are as follows:

**{¶4}** On May 31, 2019, Collison submitted an estimate to McCormick detailing the work to be completed for the demolition, new construction and remodeling. McCormick signed this estimate on July 17, 2019. At McCormick's request, on August 18, 2021, Collison submitted to McCormick Change Order #1.

**{¶5}** Change Order #1 detailed additional work McCormick requested to be completed on the project, included an updated draw schedule, and contained a new grand total for the agreed upon work of $246,000. On August 25, 2019, McCormick signed Change Order #1, including the updated draw schedule and grand total.

**{¶6}** On August 12, 2019, McCormick paid Collison a $20,000 draw for the demolition of the existing home and new foundation work. McCormick raised issues

regarding the design of the new home when Collison began work performing framing and installing windows on the new structure.

{¶7} On September 10, 2019, McCormick expressed concerns that she still had a lot of questions about the design of the home. At that point, Collison suggested that they leave the project and that McCormick could pay for the work already completed.

{¶8} On September 13, 2019, McCormick paid Collison $65,000 for framing and window installation. The total amount paid by McCormick to Collison for work completed on the project was $85,000.

{¶9} Collison continued to perform work that included completing siding and roofing of the new home and remodeling the existing garage.

{¶10} On October 4, 2019, McCormick requested a two-week delay on the project to facilitate farming operations occurring on the property. Even though a delay was not contained in the parties' agreement and any delay would have-implications for the cost and the schedule of the project, Collison complied and stopped work on the project. Collison indicated to McCormick that bills on the project would be coming due soon.

{¶11} Similar delays had occurred earlier in the project at McCormick's request, including a delay of 12 days around the time the parties agreed to Change Order #1.

{¶12} On October 7, 2019, during the two-week delay, Collison requested a draw of $52,400. The draw request consisted of a draw of $30,000 that was due when siding/roofing was complete, and a draw of $24,000, less a $1,600 credit, that was due upon completion of the garage remodeling. When requesting the draw from McCormick, Collison indicated the draw was needed in order to make payments on labor and material for the home that were due on October 10, 2019.

{¶13} Having not received payment for the requested draw, Collision inquired again on October 10, 2019. McCormick stated that she was unable to pay the draw as she was sick and her mother was in the hospital, but that she would contact Collison the following day.

{¶14} On October 12, 2019, still having not paid the draw, McCormick requested all work stop on the project until she was able to sell her existing home, which ultimately did not occur until December 2019.

{¶15} On October 13, 2019, Collison removed their equipment, tools, and materials from the project site.

{¶16} Subsequently, Plaintiff Kendra McCormick arranged for the project to be completed by another contractor.

{¶17} On January 2, 2020, Appellants Kendra McCormick and McCormick Farms, LLC filed a Complaint against Appellee Luke Collison Drywall & Construction LLC in the Fairfield Court of Common Pleas, alleging five (5) claims for relief: (1) breach of contract, (2) a violation of R.C. §4127.22, (3) slander of title, (4) abuse of process, and (5) declaratory judgment.

{¶18} On March 2, 2020, Appellee filed its Answer and Counterclaim alleging that Kendra McCormick breached the parties' contract and owes Appellee eighty-three thousand dollars ($83,000.00), that it was entitled to be compensated based upon unjust enrichment and *quantum meruit*, and that Appellant Kendra McCormick was liable for fraud.

{¶19} On June 21, 2021, Appellee filed a motion for summary judgment.

**{¶20}** On July 14, 2021, Appellants filed their memorandum in opposition to motion for summary judgment.

**{¶21}** By Judgment Entry filed September 21, 2021, the trial court granted partial summary judgment in favor of Appellee. The trial court found that an implied contract for the construction of the house existed between Appellee Luke Collison Drywall & Construction, LLC and McCormick Farms, LLC, the owner of the real property. As a result, Appellee's mechanic's lien on the real property of McCormick Farms, LLC was valid. Therefore, the trial court granted summary judgment on the claims of slander of title, abuse of process, and the request for declaratory judgment. The trial court also granted summary judgment on Appellant Kendra McCormick's claim for breach of contract finding that she could not demonstrate that the cost to complete the contract exceeded the original contract amount. The trial court allowed Appellants' claim of a violation of R.C. §4127.22 to remain for trial.

**{¶22}** Appellants proceeded on their claim for violation of R.C. Chapter 4722 and Appellee proceeded on its Counterclaim. Prior to trial, Appellants and Appellee stipulated to the violations of R.C. 4722, agreed that Appellants were not entitled to any actual economic damages but was entitled to an award of nominal damages in the amount of ten dollars ($10.00).

**{¶23}** On September 28, 2021, Appellee's Counterclaim proceeded to a trial before the bench. The parties subsequently filed submitted post-trial briefs.

**{¶24}** By Opinion of the Court and Final Judgment Entry filed November 5, 2021, the trial court granted judgment in favor of Appellee in the amount of $83,000.00, jointly

and severally, against Appellants, specifically finding that Appellant Kendra McCormick was in breach of the contract, and Appellee was not in breach of the contract.

**{¶25}** On November 10, 2021, Appellee filed an affidavit, order, and notice of garnishment.

**{¶26}** On November 17, 2021, the garnishee remitted payment to the trial court for the full amount of the judgment.

**{¶27}** On November 17, 2021, Appellants filed a motion to stay execution.

**{¶28}** On December 7, 2021, the trial court granted Appellants' motion to stay on condition that Appellants file a surety with the trial court in either a $100,000.00 supersedeas bond or a $100,000.00 cash deposit. If Appellants failed to do so, the garnishment proceeds were to be released to Appellee. The court ordered that the surety was to be posted no later than December 14, 2021.

**{¶29}** Appellants failed to post the surety, and the Clerk of Courts remitted the garnishment proceeds to Appellee.

**{¶30}** On January 7, 2022, Appellee filed a satisfaction of judgment.

**{¶31}** Appellants now appeal, assigning the following errors for review:

<u>**ASSIGNMENTS OF ERROR**</u>

**{¶32}** "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON THE BREACH OF CONTRACT CLAIM WHEN GENUINE ISSUES OF MATERIAL FACT REMAINED, BY REQUIRING APPELLANTS TO PROVIDE "THEIR OWN EVIDENCE" IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT.

**{¶33}** "II. THE TRIAL COURT ERRED IN FINDING AN IMPLIED CONTRACT BETWEEN LUKE COLLISON DRYWALL & CONSTRUCTION AND MCCORMICK FARMS, LLC RENDERING THE MECHANIC'S LIEN VALID.

**{¶34}** "III. THE TRIAL COURT ERRED IN GRANTING JUDGMENT IN FAVOR OF APPELLEE AND AGAINST MCCORMICK FARMS LLC ON THE CLAIM OF UNJUST ENRICHMENT.

**{¶35}** "IV. THE TRIAL COURT'S FINDING THAT KENDRA MCCORMICK BREACHED THE PARTIES' CONTRACT ON OCTOBER 12, 2019 IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**{¶36}** Appellee has also filed a cross-appeal in this matter and raises the following sole error for review:

### APPELLEE'S CROSS-ASSIGNMENT OF ERROR

**{¶37}** "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO AWARD APPELLEE PREJUDGMENT INTEREST AS MANDATED BY R.C. § 1343.03(A)."

### I., II., III., & IV.

*Motion to Dismiss*

**{¶38}** Before turning to the merits of this case, we must first address Appellee's motion to dismiss this appeal. Appellee argues this appeal is moot because the judgment has been satisfied through its garnishment of Appellants' accounts after Appellants failed to post a supersedeas bond.

**{¶39}** On January 7, 2022, Appellee filed a Motion to Dismiss this appeal based on mootness. Appellants filed a Response and Appellee filed a Reply.

**{¶40}** By Judgment Entry filed March 21, 2022, this Court took the motion under advisement and informed the parties that the panel would consider the motion at the time of merit review.

**{¶41}** All parties waived oral argument so no further argument was made on the motion.

**{¶42}** In its Motion to Dismiss, Appellee argued therein that this appeal is moot because the judgment has been satisfied and because Appellants failed to obtain a stay of the trial court's judgment.  Appellants contend the judgment has not been fully satisfied because Appellee has not received the interest awarded.  Appellee, in turn, argued that the trial court only awarded post-judgment interest and because the funds were obtained on the day of judgment, no interest was due. Appellee asserts that both Appellants' appeal and Appellee's cross-appeal were rendered moot when Appellee satisfied its judgment on January 7, 2022.

**{¶43}** It is a "well-established principle of law" that voluntary satisfaction of a judgment renders an appeal from that judgment moot. *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 (1990); *see also Francis David Corp. v. MAC Auto Mart, Inc.*, 8th Dist. Cuyahoga No. 93951, 2010-Ohio-1215, ¶ 11 (" 'Voluntary satisfaction of judgment waives the right to appeal.' "), quoting *Brickman v. Frank G. Brickman Trust,* 8th Dist. Cuyahoga No. 81778, 2004-Ohio-2006, ¶ 8. As the Ohio Supreme Court explained in *Blodgett*:

> " 'Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to

the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment.' "

**{¶44}** *Blodgett* at 245, 551 N.E.2d 1249, quoting *Rauch v. Noble*, 169 Ohio St. 314, 316, 159 N.E.2d 451 (1959), quoting *Lynch v. Lakewood City School Dist. Bd. of Edn.*, 116 Ohio St. 361, 156 N.E. 188 (1927), paragraph three of the syllabus*; see also Cleveland v. Embassy Realty Invests., Inc.*, 8th Dist. Cuyahoga No. 105091, 2018-Ohio-4335, ¶ 20 (If the successful party obtains a satisfaction of the judgment, any appeal "'must be dismissed because the issues raised in the appeal have become moot.' "), quoting *Hagood v. Gail*, 105 Ohio App.3d 780, 785, 664 N.E.2d 1373 (11th Dist.1995).

**{¶45}** If a party adversely affected by a judgment fails to obtain a stay of the judgment, the successful party to the judgment has the right to attempt to obtain a satisfaction of the judgment even if an appeal of the judgment is pending. *See, e.g., Trumbull Twp. Bd. of Trustees v. Rickard,* 11th Dist. Ashtabula No. 2017-A-0048, 2019-Ohio-2502, ¶ 22, 27; *Wiest v. Wiegele*, 170 Ohio App.3d 700, 2006-Ohio-5348, 868 N.E.2d 1040, ¶ 12 (1st Dist.). Where a party is entitled to enforce a judgment, actions to enforce the judgment do not render subsequent payment involuntary. *CommuniCare Health Servs. v. Murvine*, 9th Dist. Summit No. 23557, 2007-Ohio-4651, ¶ 19. An appellant is deemed to have acted voluntarily in satisfying a judgment when the appellant fails to seek a stay of execution prior to the judgment being satisfied. *Hagood* at 790, 664 N.E.2d 1373. As the Third District explained in *Crites v. Crites*, 3d Dist. Defiance No. 4-18-03, 2019-Ohio-1043:

　　Generally, a party may avoid a voluntary satisfaction of judgment by moving to stay execution of the judgment and by posting a supersedeas

bond in an amount deemed by the trial court to be adequate to secure the judgment. *See* R.C. 2505.09; Civ.R. 62(B); App.R. 7(A), (B). " 'Once the appellant obtains the stay of execution, neither the trial court nor the non-appealing party is able to enforce the judgment.' " *Alan v. Burns*, 9th Dist. Medina No. 3271-M, 2002-Ohio-7313, ¶ 5, quoting *LaFarciola v. Elbert*, 9th Dist. Lorain No. 98CA007134, 1999 WL 1215115, *2, 1999 Ohio App. LEXIS 5833, *2 (Dec. 8, 1999). " 'The lone requirement of Civ.R. 62(B) is the giving of an adequate supersedeas bond.' " *Id.*, quoting *State ex rel. Ocasek v. Riley*, 54 Ohio St.2d 488, 490, 377 N.E.2d 792 (1978). Conversely, "[a] judgment is voluntarily satisfied 'where the party fails to seek a stay prior to the satisfaction of [the] judgment.' " *Summit Servicing Agency, L.L.C. v. Hunt*, 9th Dist. Summit No. 28699, 2018-Ohio-2494, ¶ 13, quoting *CommuniCare Health Servs., Inc. v. Murvine*, 9th Dist. Summit No. 23557, 2007-Ohio-4651, ¶ 20. *Id.* at ¶ 11.

**{¶46}** This rule applies to garnishment proceedings:

Obtaining satisfaction through garnishment proceedings is considered a "voluntary" payment. *Francis David Corp. v. MAC Auto Mart, Inc.*, 8th Dist. Cuyahoga No. 93951, 2010-Ohio-1215, ¶ 12. In order to avoid execution on the judgment, a stay of execution must be obtained and a supersedeas bond or its equivalent must be posted. *Id.* In the event a judgment is satisfied through garnishment or attachment, any pending appeal is deemed moot and dismissal of the appeal is the appropriate remedy. *Id.*; *Cleveland v. Embassy Realty Invests., Inc.*, 8th Dist. Cuyahoga

No. 105091, 2018-Ohio-4335, ¶ 23. * * * It is the appellant's responsibility to ensure the stay is obtained in order to preserve appellate review.

*Cleveland v. Spears*, 8th Dist. Cuyahoga No. 107841, 2019-Ohio-3041, ¶ 8-9.

**{¶47}** In other words, a judgment satisfied through garnishment proceedings is not considered an "involuntary payment" if the judgment creditor was entitled to enforce the judgment at that time and the judgment debtor could have availed itself of a " 'viable legal remedy,' " i.e., posting a supersedeas bond to obtain a stay of execution, but failed to do so. *Reliable Credit Assn. v. SAFA, Inc.*, 12th Dist. Butler No. CA2018-11-223, 2019-Ohio-2492, ¶ 17-19 (appellant voluntarily satisfied judgment rendering appeal moot where judgment was satisfied through garnishment proceedings and appellant did not seek a stay of execution of the garnishment or otherwise object to the garnishment), quoting *Francis David*, 2010-Ohio-1215, at ¶ 12. *See O'Donnell v. Northeast Ohio Neighborhood Health Services, Inc.*, 8th Dist. Cuyahoga No. 108541, 2020-Ohio-1609, ¶¶ 40-43; *DeMeter v. Castle Bail Bonds, Inc.,* 10th Dist. Franklin No. 14AP-918, 2015-Ohio-2540, ¶ 7-8 (judgment was satisfied in full rendering appeal moot after trial court disbursed garnished funds to appellee); *Capital Communications v. GBS Corp.*, 10th Dist. Franklin No. 10AP-08, 2010-Ohio-5964, ¶ 9-15 (appeal moot when appellant failed to seek a stay to prevent the distribution of escrowed funds that satisfied judgment); *RNE Ents., LLC v. Imperial Kitchen Cabinet Factory*, LLC, 8th Dist. Cuyahoga No. 110747, 2022-Ohio-1671 (notice of satisfaction rendered appeal of default judgment moot); *RNE Ents., LLC v. Imperial Kitchen Cabinet Factory*, LLC, 8th Dist. Cuyahoga No. 111036, 2022-Ohio-1844 (appeal of garnishment proceedings moot after satisfaction of judgment filed).

**{¶48}** Likewise, accepting payment of the judgment renders an appeal from that judgment moot. *See Mason v. Mason*, 8th Dist. Nos. 80368, 80407, 2002-Ohio-6042, at ¶¶ 4-5; *see, also*, *Clear Creek Partnership v. Lebeau* (Apr. 28, 1998), 10th Dist. Nos. 97APE04-568, and 97APE04-069, 1998 Ohio App. LEXIS 1890, at *12, citing *Darwish v. Harmon* (1992), 91 Ohio App.3d 630, 632-633, 633 N.E.2d 546 ("A party cannot pursue an appeal on damages issues for which such party has been fully compensated.").

**{¶49}** In this case, because Appellants failed to obtain a stay of execution and Appellee successfully obtained a satisfaction of judgment, we find that an appeal of that judgment is now moot.

**{¶50}** For the foregoing reasons, we conclude that an appeal of the satisfied judgment is moot. Thus, we will not consider Appellants' assignments of error or Appellee's cross-assignment of error.

**{¶51}** Accordingly, the appeal from the judgment of the Fairfield County Court is dismissed.

By: Wise, J.

Hoffman, P. J., and

Delaney, concur.

JWW/kw  11/22