[Cite as *RNE Ents., L.L.C. v. Imperial Kitchen Cabinet Factory, L.L.C.*, 2024-Ohio-5327.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| RNE ENTERPRISES, LLC, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 113768 |
| v. | : | |
| IMPERIAL KITCHEN CABINET FACTORY, L.L.C., ET AL. | : | |
| | : | |
| Defendants. | : | |
| | : | |
| [Appeal by New Choice Home Deco, Inc., Defendant-Appellant.] | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 7, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-923579

*Appearances:*

Michael P. Harvey Co., L.P.A., and Michael P. Harvey, *for appellant*.

KATHLEEN ANN KEOUGH, A.J.:

{¶ 1} Defendant-appellant, New Choice Home Deco, Inc. ("New Choice"), appeals from the trial court's judgment entry releasing garnishment funds to RNE

Enterprises, LLC ("RNE") that were held by the Cuyahoga County Clerk of Courts. For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶ 2} To get perspective as to how this case got here, it is necessary to start at the beginning. RNE owned a commercial building in Cleveland, Ohio. It brought a prior lawsuit for unpaid rent against a tenant in that building, Imperial Kitchen Cabinet Factory, LLC ("Imperial"), and recovered a money judgment in its favor, and against Imperial, in the principal amount of $296,735.46 ("the underlying judgment"). During the course of that litigation and in postjudgment proceedings, RNE learned that Imperial transferred assets to New Choice.

{¶ 3} In 2019, RNE filed a lawsuit against numerous parties, including New Choice, asserting claims for fraudulent conveyance. New Choice challenged the trial court's jurisdiction by filing motions to dismiss and for judgment on the pleadings, asserting that the trial court lacked personal jurisdiction because New Choice is a Pennsylvania company. The trial court denied all of these motions. New Choice also moved for summary judgment, asserting satisfaction because RNE intervened in Imperial's bankruptcy, received a judgment, and collected some money towards the underlying judgment.

{¶ 4} During the discovery phase, RNE propounded voluminous discovery requests to New Choice. Although New Choice purportedly answered the discovery requests, the responses were alleged to be inadequate and incomplete. Starting in 2020, RNE filed motions to compel against New Choice, asking the trial court for

orders compelling discovery, sanctions and attorney fees, and additional discovery sanctions, including a default judgment on the merits. The motions to compel sought sanctions against both New Choice and counsel. New Choice also sought sanctions, contending that RNE's lawsuit was frivolous and based on fraud.

{¶ 5} On December 8, 2020, the trial court rendered a stern judgment entry that denied New Choice's request for sanctions, but granted RNE's motions to compel and ordered New Choice to provide written discovery responses, corrected written responses, and documents, by a specific date. The trial court stated that it was "appalled at [New Choice's] blatant attempts to obstruct discovery," and threatened New Choice with "sanctions, including being held in contempt of court subject to fines and judgment entered" if it continued to refuse litigation on jurisdictional grounds — grounds that the trial court had previously denied. The trial court further instructed RNE to file a motion to show cause if New Choice failed to comply with discovery, holding RNE's request for sanctions in abeyance.

{¶ 6} In January 2021, RNE and New Choice both filed motions for show cause and for sanctions. In May 2021, the trial court again issued an order finding both New Choice's and counsel's continued "pattern of obstruction" related to discovery "alarming," and scheduled a contempt hearing to determine violations and sanctions.

{¶ 7} In August 2021, following an evidentiary hearing, the trial court issued a written judgment entry, granting RNE's motions to compel and for contempt and holding New Choice and counsel in contempt of court. The trial court

found that they had engaged in frivolous conduct and thus entered judgment on the merits in the amount of RNE's underlying judgment, to wit, $296,735.46, plus costs and interest. The journal entry further provided:

> New Choice and [counsel] shall pay to the Plaintiffs reasonable expenses incurred in filing the motions to compel and obtaining the Order, and in the further filing of this motion for order to show cause and the related motion for order to show cause (subpoenas), including attorney's fees. The Court will conduct a separate hearing on these expenses and fees. The Court reserves its right to impose additional sanctions at the time of that hearing for contempt of court.

{¶ 8} New Choice appealed the trial court's decision. *See RNE Ents., L.L.C. v. Imperial Kitchen Cabinet Factory, L.L.C.*, 2022-Ohio-1671 (8th Dist.) ("*RNE I*"). The trial court and this court denied New Choice's request to stay the execution of the judgment without bond. New Choice did not post the requisite bond, and RNE initiated garnishment proceedings. During the pendency of the appeal, RNE successfully garnished funds from New Choice's PNC bank account on three different occasions.

{¶ 9} On September 17, 2021, PNC deposited with the clerk of courts $238,498.56 in compliance with the bank attachment. On October 6, 2021, RNE filed a second bank attachment with the trial court that was directed to 21 banks and credit unions. Pursuant to RNE's second bank attachment, PNC deposited $96,796.84 with the clerk of courts in November 2021. Following a hearing, the clerk of courts released payment to RNE in the amount of $331,262.35. New Choice timely filed a notice of appeal of the trial court's November 10, 2021 judgment entry that ordered the release of the garnished funds. *RNE Ents., L.L.C. v. Imperial*

*Kitchen Cabinet Factory, L.L.C.*, 2022-Ohio-1844 (8th Dist.) ("*RNE II*"). Although New Choice requested a stay, it did not post a supersedeas bond to stay the execution of the judgment pending appeal.

{¶ 10} While both *RNE I* and *RNE II* were pending, RNE filed a third bank attachment. On January 5, 2022, pursuant to the third bank attachment, PNC Bank deposited $22,469.21 with the clerk of courts. The trial court held a garnishment hearing on February 22, 2022. In February 2022, the trial court ordered the release of the attached funds to RNE in the amount of $22,001.16. New Choice did not appeal this judgment.

{¶ 11} On February 28, 2022, RNE filed a praecipe to supplement the record in *RNE I* and *RNE II*. Specifically, RNE asked this court to supplement the record to include the trial court's post-appeal docketed journal entries that demonstrated full satisfaction of the judgment.

{¶ 12} On May 19, 2022, this court rendered an opinion in *RNE I* and found that absent a stay of execution and the required bond by New Choice, satisfaction of the default judgment rendered the appeal moot. *RNE I*, 2022-Ohio-1671 (8th Dist.), *jurisdiction declined*, *RNE Ents., L.L.C. v. Imperial Kitchen Cabinet Factory, L.L.C.*, 2022-Ohio-3546.

{¶ 13} On June 2, 2022, this court dismissed *RNE II*, finding the appeal moot. Much like in *RNE I*, this court found that "where New Choice failed to stay the proceedings with a supersedeas bond and the underlying judgment was satisfied through garnishment proceedings, this appeal is moot." *RNE II*, 2022-Ohio-1844,

¶ 26 (8th Dist.), *jurisdiction declined, RNE Ents., L.L.C. v. Imperial Kitchen Cabinet Factory, L.L.C.*, 2022-Ohio-3546.

{¶ 14} In July 2023, following this court's decisions in *RNE I* and *RNE II*, the trial court conducted a status conference. The parties disagreed with the status of the case, and the trial court ordered that each party submit a brief expressing their view of the procedural posture and current standing of the case.

{¶ 15} On August 23, 2023, the trial court issued an order, finding that

1. The discovery sanction issued by the court on 08/16/2021 was on the merits of the case. 2. The default judgment entered by the court was satisfied in full during the pendency of the appeal, which was the basis of the 8th District Court of Appeals' determination that the appeal was moot and the appeal should be dismissed. 3. The law of the case indicates, therefore, that judgment has been rendered against defendant New Choice on the merits of plaintiff's claims, that defendant New Choice has exhausted its appeals of that decision, and that this court has no choice other than to proceed on the decisions of the courts of appeal. The only action remaining in this case between plaintiff and defendant New Choice is a hearing on sanctions and attorneys [sic] fees moved for by plaintiff.

{¶ 16} RNE renewed its request for attorney fees and expenses against New Choice and counsel. In November 2023, after a failed mediation attempt, the trial court conducted a hearing on RNE's request for fees and expenses.

{¶ 17} On November 21, 2023, the trial court issued a written decision, awarding attorney fees to RNE and against New Choice and counsel, jointly and severally, in the amount of $38,303.47. The court found the "award fair, reasonable, supported by the facts and law, and justified in light of the circumstances surrounding the case." RNE subsequently obtained a certificate of judgment.

{¶ 18} On December 1, 2023, New Choice moved to stay the judgment pending appeal. RNE objected to a stay unless New Choice posted the requisite supersedeas bond. On December 5, 2023, New Choice appealed the trial court's judgment awarding attorney fees.[1] *See RNE Ents., L.L.C. v. Imperial Kitchen Cabinet Factory, L.L.C.*, 8th Dist. Cuyahoga No. 113429 ("*RNE III*"). New Choice filed an amended motion to stay pending appeal, requesting that no bond be required to stay the proceedings, but asserting that if a bond were required, a 10 percent bond should be sufficient. On December 7, 2023, the trial court issued the following order:

> Pursuant to the Notice of Appeal filed 12/5/2023, proceedings in this matter are hereby stayed. All currently pending court dates (if applicable) are continued. All currently pending motions are hereby held in abeyance, and this matter's existing case management schedule is stayed and shall be reset by the court if necessary upon remand from the Court of Appeals. Pursuant to Civ.R. 58(B), the clerk of courts is directed to serve this judgment in a manner prescribed by Civ.R. 5(B). The clerk must indicate on the docket the names and addresses of all parties, the method of service, and the costs associated with this service.

The trial court did not specifically rule on New Choice's amended motion to stay, i.e., it did not grant the motion nor did it address bond. On December 8, 2023, RNE

---

[1] In addition to appealing from the trial court's November 21, 2023 judgment entry, New Choice also appealed the trial court's orders from August, 13, 2021, August 16, 2021, November 10, 2021, December 6, 2021, February 23, 2022, May 19, 2022, and June 6, 2022; and this court's orders from May 19, 2022, June 2, 2022, June 7, 2022, July 29, 2022.

The notice of appeal did not include New Choice's counsel as an appealing party, nor did counsel file a separate appeal.

opposed New Choice's amended motion to stay, requesting that New Choice file an adequate supersedeas bond in an amount not less than the judgment, plus interest to date.

{¶ 19} While *RNE III* was pending, RNE commenced collection efforts against New Choice and counsel. Regarding counsel, the trial court, subject to reconsideration, denied RNE's motion to compel counsel to participate in discovery. Regarding New Choice, on January 25, 2024, RNE filed an affidavit, order, and notice of garnishment with the trial court.

{¶ 20} On January 26, 2024, New Choice filed a "motion to modify the Rule 62 Order Stay of Proceedings." The motion requested that in addition to the stay the trial court had previously granted, the trial court should also stay the enforcement of the judgment against New Choice. RNE opposed the motion, contending that because no stay of execution had been granted, "there is nothing to modify." RNE contended that the trial court did not rule on New Choice's amended motion to stay, but only entered a general stay. According to RNE, the stay against New Choice was not effectuated unless or until New Choice posted the requisite supersedeas bond pursuant to Civ.R. 62(B) and R.C. 2505.09. RNE further noted that counsel had not appealed the judgment against him, nor did he seek a stay of the judgment against him personally. RNE then renewed its request to compel counsel to submit to discovery in an attempt to collect the judgment against him.

{¶ 21} New Choice responded to RNE's opposition, contending that indeed a stay existed and noting RNE's continued harassment of New Choice's counsel for

debt collection information.  New Choice requested that the trial court modify the stay order and clarify that it had stayed the entire matter, including collection efforts.

{¶ 22} RNE requested leave to file a sur-reply, which challenged New Choice's representations that the trial court granted New Choice a stay in the proceedings.  Additionally, it sought to clarify that the pending appeal pertained only to New Choice because counsel did not appeal.

{¶ 23} New Choice opposed RNE's sur-reply, asserting that RNE's latest filing exemplified the harassment New Choice had endured.  New Choice then moved for sanctions against RNE and its counsel for "proceeding to collect monies through [garnishment proceedings] while the Stay was in place without a bond necessary, pursuant to [the trial court's order]."

{¶ 24} RNE opposed New Choice's request for sanctions, contending that its request contained factual misrepresentations because no stay of the proceedings was in place, let alone a stay "without a bond necessary."

{¶ 25} In response, New Choice steadfastly maintained that the trial court had issued a stay without bond and attached the trial court's order issuing the stay to the motion.  Again, the trial court's order provided, in relevant part, "Pursuant to the notice of appeal filed December 5, 2024, proceedings in this matter are hereby stayed."  The journal entry neither granted nor denied New Choice's specific motion to stay, nor did it address whether a bond was or was not required.

{¶ 26} Despite the contentious motion practice between the parties, the trial court did not rule on New Choice's motions or clarify the stay order. New Choice did not seek any redress from this court regarding the trial court's failure to rule on the pending motions.

{¶ 27} Nevertheless, PNC bank responded to RNE's bank attachment order, reflecting that New Choice had $38,303.47 in a checking account. On February 14, 2024, PNC deposited that amount with the clerk of courts.

{¶ 28} That same day, New Choice objected to the garnishment, contending that the stay order prevented RNE from collecting on the judgment. RNE opposed New Choice's objection, maintaining that notwithstanding the absence of a valid stay of the proceedings, including the judgment, New Choice's objection was a "legal nullity." RNE further noted that New Choice's motions about the scope of the stay remained pending.

{¶ 29} On February 15, 2024, RNE moved the trial court to release the garnished funds held by the clerk of courts. It argued that New Choice had neither timely requested a hearing pursuant to R.C. 2716.13(C)(2), nor obtained a valid stay pending appeal. New Choice opposed RNE's request to release the funds because (1) a stay pending appeal existed; (2) it objected to the garnishment; and (3) it had not received notice of the garnishment. RNE responded that a valid stay did not exist and that New Choice failed to timely request a hearing on the garnishment, which would have permitted New Choice to challenge the garnishment proceedings.

{¶ 30} On March 11, 2024, this court granted RNE's motion to dismiss in *RNE III*, in which it argued that absent a valid stay, the funds deposited with the clerk of courts satisfied the judgment on appeal. This court granted the motion:

> Motion by appellee to dismiss appeal as moot is granted. Satisfaction of the judgment that is [the] subject of the appeal renders the appeal moot. *See Blodgett v. Blodgett*, 49 Ohio St.3d 243, 551 N.E.2d 1249 (1990); *Horen v. Summit Homes*, 6th Dist. Woods No. WD-04-001, 2004-Ohio-2216, P42-46; *Sturgill v. JP Morgan Chase & Co.*, 4th District Hocking No. 12CA8, 2013-Ohio-688 P10-12. The trial court's docket shows that a "Bank Attachment Payment" in the amount of the judgment was made on February 14, 2024. Appeal is dismissed.

*RNE III*, 8th Dist. Cuyahoga No. 113429, Motion No. 572376 (Mar. 11, 2024), *jurisdiction declined, RNE Ents., L.L.C. v. Imperial Kitchen Cabinet Factory, L.L.C.*, 2024-Ohio-2373. Following the dismissal of *RNE III*, the trial court granted RNE's request to release the garnished funds. In its August 21, 2024 judgment entry, the trial court stated:

> As no objection to the garnishment of property other than wages has been filed, the court hereby orders that the attached funds currently held by the clerk of courts be released to the judgment creditor, c/o creditor's counsel, less costs and any applicable poundage. R.C. 2715.042.

## II. The Appeal

{¶ 31} New Choice appeals[2] from the trial court's August 21, 2024 order releasing the funds to RNE, raising the following eight assignments of error:

> 1. The trial court erred as a matter of law by improperly granting discovery sanctions and issuing a contempt order against New Choice and [New Choice's counsel].

---

[2] RNE did not file an appellate brief.

2. The trial court erred as a matter of law because RNE's claims were barred by the statute of limitations.

3. The trial court erred as a matter of law because there was no jurisdiction over New Choice, a Pennsylvania Company, in Ohio.

4. The trial court erred as a matter of law because RNE's lawsuit was barred by res judicata/collateral estoppel.

5. The trial court erred as a matter of law because RNE was barred from suing due to a lack of standing.

6. The trial court erred as a matter of law because there was a lack of proof of fraud.

7. The trial court erred as a matter of law because RNE should not have been permitted to garnish New Choice, a Pennsylvania Company, through an Ohio bank, for approximately ten months during COVID delays with a partial default judgment.

8. The trial court erred as a matter of law because RNE should not have been permitted to garnish New Choice, a Pennsylvania Company, through an Ohio bank in the amount of $38,303.47 for attorneys' [sic] fees, costs, and expenses.

## A. Compliance with Appellate Rules of Court

{¶ 32} At the outset, this court finds that New Choice's brief fails to comply with App.R. 16. Although it raises eight separate and distinct assignments of error, it fails to argue them separately in its appellate brief as required by App.R. 16(A)(7). App.R. 12(A)(2) authorizes us to disregard any assignment of error that an appellant fails to separately argue. Thus, we are within our authority to summarily overrule New Choice's assignments of error and affirm the trial court's judgment. *State v. Fisher*, 2004-Ohio-3123, ¶ 26 (8th Dist.); *Marietta College v. Valiante*, 2013-Ohio-5405, ¶ 12 (4th Dist.).

## B. Effect of Res Judicata and Law-of-the-Case Doctrine

{¶ 33} Even if this court were to consider the assignments of error raised, we would conclude that the assignments of error raised by New Choice involve issues it raised or could have been raised in *RNE I*, *RNE II*, and *RNE III*, and accordingly, the doctrines of res judicata and law of the case precludes these arguments in this appeal. *M & T Bank v. Steel*, 2015-Ohio-1036, ¶ 13 (8th Dist.) (doctrine of res judicata bars claims that were or could have been raised in prior appeals).

{¶ 34} In *RNE I*, New Choice appealed from the trial court's judgment granting default judgment on the merits of the case, as a sanction, in favor of RNE. When New Choice failed to post the requisite supersedeas bond to obtain a valid stay of the judgment pending appeal, RNE commenced collection efforts. During the course of the appeal, RNE successfully obtained monies through bank attachment garnishments on three different occasions that ultimately satisfied the total amount of the trial court's judgment. As a result, this court concluded that New Choice voluntarily satisfied the judgment, which not only rendered the appeal in *RNE I* moot, but also rendered the appeal in *RNE II* — an appeal from an order of garnishment where New Choice also did not obtain a valid stay — moot. The Ohio Supreme Court declined jurisdiction to consider both *RNE I* and *II*. Accordingly, this court's decisions in *RNE I* and *II* became the law of the case and this court cannot revisit those issues challenging the trial court's granting of default judgment in favor of RNE. *See Sheaffer v. Westfield Ins. Co.*, 2006-Ohio-4476, ¶ 16, ("Under the law-of-the-case doctrine, the denial of jurisdiction over a discretionary appeal

by [the Supreme Court of Ohio] settles the issue of law appealed.") New Choice's first, second, third, fourth, fifth, sixth, and seventh assignments of error are overruled.

{¶ 35} In *RNE III*, New Choice appealed from the trial court's judgment granting attorney fees in favor of RNE. Although it was disputed whether New Choice obtained a stay pending appeal, RNE commenced garnishment proceedings against New Choice and successfully obtained monies that were deposited with the clerk of courts through a bank attachment. When this occurred, RNE moved this court to dismiss *RNE III* because the judgment arguably had been satisfied. This court, over New Choice's objection that the matter had been stayed, concluded that the judgment was satisfied and dismissed the appeal as moot. Implicit in this decision, this court determined that the trial court's judgment had not been stayed. New Choice unsuccessfully sought reconsideration and en banc consideration, and the Ohio Supreme Court declined jurisdiction to consider this matter. Accordingly, the law-of-the-case doctrine prevents New Choice from challenging the trial court's judgments granting RNE attorney fees and ordering garnishment. *See Sheaffer*.

{¶ 36} Additionally, while *RNE III* was pending, RNE asked the trial court to release the funds held by the clerk of courts. New Choice objected to RNE's request to release the funds, contending that the garnishment was improper and that the trial court had stayed the proceedings pending appeal. Following this court's dismissal of *RNE III*, the trial court released the funds held by the clerk of

courts to RNE. New Choice did not seek any additional stay from the trial court or this court prior to appealing the trial court's order releasing the funds.

{¶ 37} Nevertheless, this court's determination in *RNE III* that the matter had not been stayed and the judgment was voluntarily satisfied became the law of the case when the Ohio Supreme Court declined to accept New Choice's appeal of *RNE III*. *See Sheaffer*. Accordingly, New Choice is precluded from challenging the award of attorney fees and the garnishment of funds to satisfy the attorney-fee judgment. Accordingly, New Choice's eighth assignment of error is overruled.

{¶ 38} Finally, we note that New Choice has not raised any argument specifically challenging the trial court's release of funds to RNE — the order that is actually the subject of the appeal.

{¶ 39} Judgment affirmed.

It is ordered that appellee recover from appellant, New Choice Home Deco, Inc., costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, J., and

EILEEN T. GALLAGHER, J., CONCUR